IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARLOS A. POWELL, | ) | |
| | ) | Civil Action No. 2: 13-cv-00498 |
| Petitioner, | ) | |
| | ) | United States District Judge |
| v. | ) | Mark R. Hornak |
| | ) | |
| ORLANDO HARPER, et al | ) | United States Magistrate Judge |
| | ) | Cynthia Reed Eddy |
| Respondents. | ) | |

**REPORT AND RECOMMENDATION**

**I.  RECOMMENDATION**

For the reasons that follow, it is respectfully recommended that the Petition for Writ of Habeas Corpus (ECF No. 5) be summarily dismissed for lack of jurisdiction, that a certificate of appealability be denied, and that this case be closed.

**II.  REPORT**

Carlos A. Powell (hereinafter referred to as "Petitioner") initiated this action on April 8, 2013, by filing a *pro se* Motion for Leave to Proceed in forma pauperis (ECF No. 1.) The motion was granted on May 23, 2013 (ECF No. 4) and the Petition was filed (ECF No. 5). At the time Plaintiff filed his Petition, he was in custody at the Allegheny County Jail ("ACJ").[1]

---

[1] By Order dated May 23, 2013, Petitioner was specifically ordered to "immediately advise the court of any change in address. Failure to do so may result in dismissal for failure to prosecute if the Court and other parties are unable to serve pleadings, orders and other documents upon Petitioner." ECF No. 4 at 5. To date, Plaintiff has not notified the Court of any change of address; therefore, his listed address remains the Allegheny County Jail, 950 2nd Ave., Pittsburgh PA 15219.

1

Respondents timely filed an Answer in which they argue that "since the time [Petitioner] filed his habeas petition, [he] has been released from ACJ and is no longer serving a sentence. Accordingly, the claim is moot." Ans. at 2. In support of their argument, Respondents submitted a document entitled "ACJ Inmate Look-up" which indicates that Petitioner was released from the ACJ on July 12, 2013. *See* Answer, Exhibit 1 at 17 (ECF No. 12-1).[2]

On October 18, 2013, the Court issued a Show Cause Order to which Petitioner was to respond in writing on or before October 21, 2013, as why his Petition should not be dismissed for failure to satisfy the "in custody" requirement under 28 U.S.C. § 2254(a). To date, Petitioner has not filed a response to the Show Cause Order nor has he sought an extension of time in which to do so.

Title 28, United States Code, § 2254(a) provides that federal habeas jurisdiction permits the entertaining of "an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is **in custody** in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). *See also* id. § 2254(b) ("An application for a writ of habeas corpus on behalf of a person **in custody** pursuant to the judgment of a State court shall not be granted unless it appears that . . .") (emphasis added). In light of this language, the Court of Appeals for the Third Circuit has declared that "the *sine qua non* of federal habeas corpus jurisdiction is that petitioner be 'in custody'[.]" *United States ex rel. Dessus v. Commonwealth of Pennsylvania*, 452 F.2d 557, 559-60 (3d Cir. 1971). It explained:

---

[2] On October 17, 2013, the Court called the ACJ and confirmed that Petitioner had been "released to the street" on July 12, 2013.

> The sole justification of federal habeas jurisdiction for a state prisoner is the statutory mandate that the applicant be a "person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254. Indeed, in the seminal case of *Fay v. Noia*, 372 U.S. 391, 83 S. Ct. 822, 9 L.Ed.2d 837 (1963), Mr. Justice Brennan was careful to emphasize: "The jurisdictional prerequisite is not the judgment of a state court but detention *simpliciter*." 372 U.S. at 430, 83 S. Ct. at 844. Thus, custody is the passport to federal habeas corpus jurisdiction. Without custody, there is no detention. Without detention, or the possibility thereof, there is no federal habeas jurisdiction.

*Id.* at 560 (footnote omitted). *See also* Brian R. Means, Federal Habeas Manual § 1:3 (June 2012) ("The custody requirement is jurisdictional.") (citing, *inter alia*, *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (*per curiam*)).

A petition for habeas relief "generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition." *DeFoy v. McCullough*, 393 F.3d 439, 441 (3d Cir. 2005). Because it appears that Petitioner has been released from confinement, "some 'collateral consequences' of the conviction . . . must exist if the suit is to be maintained." *Spencer v. Kemma*, 523 U.S. 1, 7 (1998). The doctrine of collateral consequences is a narrow exception to the general mootness rule, and arises when a former prisoner can show that he will suffer some collateral legal consequences if his state conviction is permitted to stand. *See Carafas v. LaVallee*, 391 U.S. 234 (1968). It is the burden of the petitioner to prove that collateral consequences exist to avoid having a case dismissed as moot. *Spencer*, 523 U.S. at 7.

Petitioner makes no attempt to show that collateral consequences exist in order to prevent the dismissal of his petition. Thus, because Petitioner is not "in custody" within the meaning of the habeas statute and because Petitioner has not shown that there are any collateral consequences of his state court conviction, the Court recommends that this action be dismissed for lack of subject matter jurisdiction.

28 U.S.C. § 2253 provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). Where the district court has rejected a constitutional claim on its merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* Applying those standards here, jurists of reason would not find it debatable whether the habeas petition should be dismissed for lack of jurisdiction. Accordingly, a certificate of appealability should also be denied.

### III. <u>CONCLUSION</u>

For the foregoing reasons, it is respectfully recommended that the Petition for Writ of Habeas Corpus (ECF No. 5) be summarily dismissed for lack of jurisdiction, that a certificate of appealability be denied, and that this case be closed.

In accordance with the applicable provisions of the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B)&(C), and Rule 72.D.2 of the Local Rules of Court, the parties shall have until **November 18, 2013,** to file written objections thereto. Any party opposing such objections shall

have fourteen (14) days from the date on which the objections are served to file its response. A party's failure to file timely objections will constitute a waiver of that party's appellate rights.

Dated: November 1, 2013.

*s/ Cynthia Reed Eddy*
Cynthia Reed Eddy
United States Magistrate Judge

cc: CARLOS A. POWELL
 100043
 950 2nd Ave.
 Pittsburgh, PA 15219
 *Via U.S. Postal Mail*

 Rusheen R. Pettit
 Office of the District Attorney
 Email: Rusheen.Pettit@da.allegheny.pa.us